IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RODOLFO ALVAREZ MEDRANO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 7:17-cv-00069 |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | *DEATH PENALTY CASE* |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT'S SUR-REPLY TO PETITIONER'S REPLY TO RESPONDENT'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

In a Texas state court, Rodolfo Medrano was convicted of capital murder for intentionally and knowingly causing the deaths of six persons and was subsequently sentenced to death. The conviction and sentence were affirmed on appeal. *Medrano v. State*, No. AP-75,320, 2008 WL 5050076 (Tex. Crim. App. November 26, 2008) (unpublished). Medrano filed a state application for writ of habeas corpus, and based on the court's own review, the Texas Court of Criminal Appeals (TCCA) denied habeas relief. *Ex parte Medrano*, 532 S.W.3d 395 (Tex. Crim. App. February 8, 2017). Medrano filed the instant proceeding on February 7, 2018, followed by an amended petition on January 14, 2019. ECF 15, 19. The Director responded to Medrano's petition by filing a motion for summary judgment and answer with brief in support. ECF 30. On October

4, 2019, Petitioner filed his reply to Respondent's motion for summary judgment and a "conditional motion for an evidentiary hearing." ECF 39. The Director now files her sur-reply addressing only the procedural default responses, and the Petitioner's request for an evidentiary hearing. In all other respects the Respondent rests on her previous briefing.

**ARGUMENT**

**I.    Claim 3 Is Procedurally Defaulted**.

Petitioner acknowledges that claim three is unexhausted. Under Texas Code of Criminal Procedure Article 11.071 section 5, the TCCA would dismiss any petition that attempted to raise this claim as a subsequent petition. Therefore, the claim is procedurally defaulted in federal court.

There is no good cause that will excuse that failure to exhaust. Petitioner argues that the cause for failing to exhaust claim three in state court is that the State continued "to conceal the falsity of its witness's testimony." ECF 39 at 4. This purportedly explains why Medrano was previously unable to raise this claim in state court. Therefore, so the argument would go, by extension, a state court remedy still exists because Medrano will be able to meet the requirements of Texas Code of Criminal Procedure Article 11.071 section 5.

Petitioner's argument fails for the obvious reason that the State has provided nothing to Medrano since state habeas that would allow Petitioner to

2

now raise this claim. Medrano's claim in federal court is based, not upon disclosures finally made by the State, but upon evidence developed by Medrano himself.[1] Thus, if Medrano could develop the evidence in order to present the claim in federal court, he certainly could have found the evidence to present the claim in state court. None of the documents Medrano attached to his federal application are new. In fact, all of them date back to a time prior to Medrano's trial.[2]

## II.   *Martinez* and *Trevino*[3] Cannot Save the Procedurally Defaulted Ineffective Assistance of Trial Counsel (IATC) Claims.

For the first time in his reply brief, Medrano attempts to use the principles in *Martinez* and *Trevino* to save his unexhausted IATC claims from default. These claims are found within his claim seven, the relevant subsections allege ineffective assistance for:

---

[1]   The evidence Medrano submitted in support of claim three with his federal petition consists of Alvarez's curriculum vitae provided to Medrano's trial attorney four days prior to trial; documents received by Medrano after state habeas through open records requests namely, Alvarez's personnel file and TCOLE file, and documents relating to disciplinary action taken against Alvarez after Medrano's trial. *See* ECF 19-1 at 32–103. The State was not required to provide any of these items in order to allow Medrano to make the allegations contained in claim three.

[2]   The exception to this is Petitioner's exhibit 11 entitled "TCOLE Documents on Robert Alvarez's Indictment and Loss of License." ECF 19-1 at 40–42. Exhibit 11 covers events occurring years after Medrano's trial. Therefore, they cannot form the basis of a *Brady* violation at trial since the State could not have disclosed them for the simple reason that they did not exist.

[3]   *Martinez v. Ryan,* 566 U.S. 1 (2012); *Trevino v. Thaler,* 569 U.S. 413 (2013).

> (2) failing to challenge the admission of Medrano's confession as a violation of *Miranda* based on the resumption of interrogation the same day as Petitioner invoked both his right to counsel and his right to silence;
>
> (4) refusing to permit him to testify, denying him his right under the Fifth Amendment;
>
> (6) failing to assert that the cruel and unusual punishment clause categorically forbids the execution of a non-triggerman who was not present and did not plan or agree to a murder; and
>
> (7) failing to present evidence regarding or retaining an expert to evaluate Petitioner's adaptability to prison.

ECF 19 at 138–39, 156–60, 165–66, and 167–71.

Under *Martinez*, "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." 566 U.S. at 9. *Martinez*'s "narrow exception" applies to Texas's postconviction system. *Trevino,* 569 U.S. at 428–29. "[T]o succeed in establishing cause, the [inmate] must show (1) that his claim of ineffective assistance of counsel at trial is substantial—i.e., has some merit—and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding." *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013).

### A. Petitioner has waived the *Martinez/Trevino* argument.

As noted above, Medrano has never invoked *Martinez* or *Trevino* as providing good cause for his failure to raise these issues in state habeas.[4] This is particularly curious in light of the fact that in his petition Medrano specifically notes that the claims are unexhausted. *See* ECF 19 at 139, 160, 166, and 171. But after doing so, Medrano provides *no* explanation how he intends to overcome this most basic requirement for federal review, much less provide analysis under *Martinez/Trevino*.

Exhaustion is a threshold question that must be resolved in a petitioner's favor before relief may be granted. *See Day v. McDonough,* 547 U.S. 198, 205 (2006) (describing exhaustion of state remedies as a threshold barrier.) However, a court may *deny* relief without reaching the exhaustion requirement. 28 USC §2254(b)(2). Any waiver by the state must be express. 28 USC §2254(b)(3).

Petitioner bears the burden of proving that he has exhausted state remedies or that an exception to the exhaustion requirement exists. *See Darr v. Burford,* 339 U.S. 200, 218 (1950) (overruled in part on other grounds by, *Fay v. Noia*, 372 U.S. 391 (1963)). Because this is a threshold requirement, it

---

[4] It must be noted that the issue of exhaustion was central in the briefing on Medrano's motion to stay, but Petitioner also did not raise *Martinez/Trevino* in that context. *See* ECF 32, 35.

follows that exhaustion, or an appropriate exception, should be raised in the federal petition itself. Medrano failed to raise the *Martinez/Trevino* exception in his original petition, or his amended petition, and as such has waived the argument.

### B. Petitioner cannot meet the requirements for a *Martinez/Trevino* exception.

Ultimately, there are multiple layers of review that all fold in on the underlying IATC claims. Medrano fails to meet *Martinez*'s first prong because the underlying IATC claim is not substantial.[5] He fails to meet the second prong because state habeas counsel could not be ineffective for deciding not to raise a meritless claim. *See Garza*, 738 F.3d at 676 (explaining that "there was no merit to Garza's claim and that therefore habeas counsel was not ineffective in failing to raise the claim at the first state proceeding").

Medrano's state habeas counsel filed a petition raising nine issues and supported by twenty exhibits. 1 SHCR[6] at 191–418. One of those issues was an ineffective assistance of counsel claim with seven subparts. *Id.* at 206-255. As Medrano continues to advance some of the claims his state habeas counsel

---

[5] For a discussion of the merits of Medrano's relevant IATC claims see the Director's motion for summary judgment and answer with brief in support. ECF 30.

[6] "SHCR" refers to the clerk's record on state habeas, WR-78,123-01, preceded by the volume number and followed by the page number.

raised, he cannot claim that state habeas counsel was wholly ineffective. Therefore, Medrano must demonstrate that a particular issue, if it was indeed nonfrivolous, "was clearly stronger than issues that counsel did present." *Smith v. Robbins,* 528 U.S. 259, 288 (2000). Medrano has not made this showing. For this reason, he fails to demonstrate that habeas counsel's decision not to present the chosen claims was objectively unreasonable under the circumstances. As state habeas counsel was not ineffective, Medrano cannot avail himself of the *Martinez/Trevino* exceptions.

### III. Medrano has not Met the Standard to be Granted an Evidentiary Hearing.

Medrano argues that he is entitled to an evidentiary hearing because (1) the state court's determination of the merits on his exhausted claims was unreasonable, (2) he seeks additional fact development to address his ability to overcome a procedural bar, and (3) he was not afforded a full and fair evidentiary hearing in state court. ECF 39 at 27–29.

However, AEDPA and Supreme Court precedent are clear that in reviewing a state court's merits adjudication for reasonableness, a federal court is limited to the record that was before the state court. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Medrano does not provide any authority otherwise.

Next, Petitioner argues that he is entitled to an evidentiary hearing on his ability to overcome a procedural bar. ECF 39 at 28. Related to this, Medrano asserts that the exhibits attached to his petition presented for the first time can be considered to determine whether or not to hold an evidentiary hearing. Petitioner provides no legal support for that contention.

The Fifth Circuit Court rejected the argument that a petitioner is entitled to an evidentiary hearing to develop facts relating to a *Martinez/Trevino* claim in *Segundo v. Davis*. 831 F.3d 345, 351 (5th Cir. 2016). *Martinez* merely created a limited exception to the procedural default framework. *See Trevino*, 569 U.S. at 429. The only remedy offered by *Martinez* is a federal merits review of an otherwise procedurally barred claim if a petitioner can meet the applicable standard. *See id.* It does not provide an independent basis for further factual development.

The Fifth Circuit in *Segundo* stated,

> *Martinez* and *Trevino* protect Texas habeas petitioners from completely forfeiting an IATC claim; neither entitles petitioners to an evidentiary hearing in federal court in order to develop such a claim. Reading *Martinez* to create an affirmative right to an evidentiary hearing would effectively guarantee a hearing for every petitioner who raises an unexhausted IATC claim and argues that *Martinez* applies. *See Newbury [v. Stephens]*, 756 F.3d [850,] 868–71 [(5th Cir. 2014)] (rejecting petitioner's contention that he was owed resources necessary to develop facts in support of his IATC claim under *Martinez*); *see also Ayestas v. Stephens*, 817 F.3d 888, 896 (5th Cir. 2016) (per curiam) (holding that district

8

> court did not abuse its discretion in declining to authorize a mitigation specialist prior to determining viability of claim under *Martinez*).

831 F.3d at 351.

In addition, the strict limitations on evidentiary hearings set out in 28 U.S.C. § 2254(e)(2) "[continue] to have force" even when a claim was not adjudicated on the merits in state court. *See Pinholster*, 563 U.S. at 185; *see also Laws v. Stephens*, 536 Fed. Appx. 409, 411 n.1 (5th Cir. 2013) ("Although Laws's speedy trial claim was not adjudicated on the merits in state court, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence."). Under 28 U.S.C. § 2254(e)(2), except for limited exceptions, a petitioner is not entitled to evidentiary development of a claim where he failed to develop evidence in support of the claim in state court. (*Michael*) *Williams v. Taylor*, 529 U.S. 420, 431–32 (2000).

Finally, Medrano states that "the state court factual determinations related to the voluntariness of Petitioner's confession, his right to testify, and his culpability for a homicide he did not intend, did not participate in, and was not present for, were unreasonable and unsupported by the record, particularly given the lack of a state court evidentiary hearing." ECF 39 at 29.

First, to the extent that this addresses any of Medrano's unexhausted claims, there were no state court factual determinations. Second, if the claims

9

are exhausted, this Court must determine if the factual determinations are unreasonable based upon the record before the state court. *See* § 2254(d)(2); *Pinholster,* 563 U.S. at 181. Third, Medrano fails to demonstrate that any failure to hold a live evidentiary hearing, as opposed to a so-called paper hearing, denied him the opportunity to fully and fairly present his claims.

## CONCLUSION

For the foregoing reasons, and all of those contained in her motion for summary judgment and answer with brief in response, the Director contends that a stay is unnecessary and requests that Medrano's motion to delay these proceedings be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

MARK PENLEY
Deputy Attorney General
for Criminal Justice

|  |  |
|---|---|
| *Lead Counsel | */s/ Rachel L. Patton* <br> RACHEL L. PATTON* <br> Assistant Attorney General <br> State Bar No. 24039030 <br> Southern ID No. 3120286 <br><br> P. O. Box 12548, Capitol Station <br> Austin, Texas 78711 <br> (512) 936–1400 <br> Facsimile No. (512) 936–1280 |

ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF SERVICE**

I do hereby certify that on November 4, 2019, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Counsel for Petitioner

Sheri Lynn Johnson
Cornell Law School
245 Hughes Hall
Ithaca, NY 14853
E-mail: slj8@cornell.edu

Stephen Wood Byrne
Attorney at Law
711 N. Carancahua Street, Ste. 512
Corpus Christi, Texas 78401
E-mail: byrne.attorney@gmail.com

*/s/ Rachel L. Patton*
RACHEL L. PATTON
Assistant Attorney General