IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RODOLFO ALVAREZ MEDRANO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 7:17-cv-00069 |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | *DEATH PENALTY CASE* |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT DAVIS'S OBJECTION TO THE
AMENDED REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a habeas corpus case brought by Petitioner Rodolfo Alvarez Medrano, a Texas inmate sentenced to death, under 28 U.S.C. § 2254. The Honorable Magistrate Judge Peter E. Ormsby filed an Amended Report and Recommendation (Report) on January 15, 2020. ECF 42. The Director objects to the Report's recommendation to grant Medrano's request to stay his federal habeas proceeding. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The Director asserts his claim is unexhausted, procedurally barred, and a stay of this proceeding would violate the guiding objectives of AEDPA as set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). Consequently, the

Director objects to the Report's recommendation and requests this Court deny Medrano a stay to return to State court.

**OBJECTION**

Medrano filed his Amended Petition for Writ of Habeas Corpus on January 14, 2019. ECF 19. On April 29, 2019, the Director responded by filing a Motion for Summary Judgment (MSJ) and Answer with Brief in Support in which she asserted that several of Medrano's claims were unexhausted and procedurally barred. ECF 30. Subsequently, on June 18, 2019, Medrano filed a Motion to Stay Proceedings Pending Exhaustion of State Remedies in order to present claim three of his petition to the state court. ECF 32. After both sides replied, and responded to the replies, the report and recommendation at issue was filed.[1] ECF 42. This Court reviews the findings in the report, and "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1).

In Petitioner's Amended Petition, Petitioner's briefing on the clearly established law applicable to this issue was a discussion on the elements of . *Brady v. Maryland,* 373 U.S. 83 (1963), and citations to cases that defined

---

[1] In a footnote, the report notes that the Director argued in her response that "'Medrano makes no argument that he meets the statutory requirements to present these claims in a subsequent writ." ECF 42 at 10 FN6. The Director's statement was indeed incorrect and was inadvertently included in the Director's response. The undersigned apologizes to the Court and Medrano for this error.

terms relevant to a *Brady* analysis. ECF 19 at 82–84. In the argument section that followed, Petitioner organized her briefing using the *Brady* factors. *Id.* Based upon this, the Director stated in her Motion for Summary Judgment (MSJ) that she understood the claim to be a *Brady* claim, specifically stated that it did not appear to be a claim relating to the admission of false testimony, and therefore responded to a *Brady* claim.[2] ECF 30 at 55–56. Petitioner's reply to the MSJ did not make any assertion that the claim was anything other than a *Brady* claim, this time specifically referring to *Brady* in the titles of each of her subpoints. ECF 39 at 2–5, 41–52. In his motion to stay, Petitioner describes this claim as a *Brady* claim. ECF 32. However, in his reply to the Director's response to the motion to stay, Medrano states that the Court of Criminal Appeals (CCA) case *Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009), which relates to the unknowing presentation of perjured testimony by the State, "is plainly the state law analog of the federal due process claims related to withholding

---

[2] The Director's briefing stated that,
> [H]e states that his specific claim is that his rights under *Brady v. Maryland* were violated when the State did not disclose the purportedly false or exaggerated details of Alvarez's background and experience so that defense counsel could cross-examine Alvarez based upon that information. 373 U.S. 83 (1963); ECF 19 at 82–90. It does not appear that the claim is that admission of the false testimony itself in anyway violated his Constitutional rights, simply that the State's failure to disclose the falsity prevented his attorneys from effectively cross-examining and impeaching the witness. *Id.*

ECF at 55–56.

exculpatory evidence — the very claims pled in Ground III." ECF 35 at 3; *see also Ex Parte Chavez*, 371 S.W.3d 200 (Tex. Crim. App. 2012).

Contrary to Medrano's assertion, *Brady* is not the federal "analog" to the state created claim regarding the *unknowing* use of false testimony found in *Chabot/Chavez*. As indicated above, the *Chabot/Chavez* claims are claims under state law; and therefore, are not cognizable on federal habeas and cannot form the basis of a stay. However, Medrano attempts to use the fact that the state law standard under *Chabot/Chavez*, is stricter on the State than a *Brady* claim as proof that the Court of Criminal Appeals (CCA) will allow a subsequent petition under § 5. *See* ECF 35 at 3–4; Tex. Code Crim. Proc Art. 11.071 § 5. But this merely demonstrates that it is possible that a state law *Chabot/Chavez* type claim would be permitted by the CCA, not that the CCA would hear the federally based *Brady* claim.

Furthermore, a denial of a *Chabot/Chavez* claim is not exhaustion of a federal *Brady* claim, as it is based upon an entirely different standard. Medrano cannot go to the State court and seek relief under a state law claim, and then come to federal court and argue a federal law claim tenuously related to the state law claim. To exhaust a *Brady* claim for purposes of federal review, the state court must review a *Brady* claim, not a claim based on the same operative facts. Whether or not the CCA will authorize a subsequent petition to raise a *Chabot/Chavez* false testimony claim has no

bearing on whether a stay is appropriate on a *Brady* suppression of evidence claim. The question is not whether the CCA will ever, or has ever, authorized a *Chabot/Chavez* claim in a subsequent application. Rather, the question is whether the CCA would permit subsequent petition on a *Brady* claim in *this* case under *these* facts. The state court denial of a *Chabot/Chavez* claim in state court cannot exhaust a *Brady* claim in federal court.

There, in fact, is no analog to *Chabot/Chavez* in federal jurisprudence.[3] The federal precedent relating to the *knowing* use of false evidence is found in *Napue v. Illinois,* 360 U.S. 264 (1959), which Medrano has not raised. *See* ECF 35 at 4. Medrano appears to be conflating multiple federal claims and a state law claim into one to support good cause for this stay. *See* ECF 32 at 5.

The problem Medrano has is that he cannot meet § 5 under either *Chabot/Chavez* or *Brady*. In order to overcome the § 5 bar, Medrano must muster more than "significant evidence and plausible legal arguments in support of his claim." ECF 42 at 8. Medrano must also show that this evidence and argument was unavailable at the time of filing for his state habeas or that "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant

---

[3] In fact, as Judge Ho states in his concurrence in *Pierre v. Vannoy*, "[t]here is a long line of unbroken precedent from both this Court and the U.S. Supreme Court holding that false trial testimony does not implicate a defendant's due process rights if the State was unaware of the falsity at the time the testimony was given." 891 F.3d 224, 230–31 (5th Cir. 2018) (Ho, J. concurring).

5

guilty beyond a reasonable doubt." Tex. Code Crim. Proc. Art. 11.071 § 5(a)(1) and (2). The evidence for relating to Alvarez's qualifications, sitting in Alvarez's personnel and TCOLE files, existed well before Medrano's state habeas was filed. The law on both *Brady* and *Chabot/Chavez* existed well before state habeas was filed.[4] Medrano cannot meet the requirements of § 5(a)(1).

Medrano's only remaining gateway to a subsequent state petition is found in § 5(a)(2), where he must prove by a preponderance of the evidence that but for a federal constitutional violation no rational juror could have found him guilty beyond a reasonable doubt. As noted in her MSJ, and as Medrano continues to label this discussion as a single claim, the Director responds to this claim as a *Brady* claim with additional arguments touching on other separate claims as intending to support the overarching Brady claim, not as separate claims for relief. ECF 30 at 55–56.

The report found good cause for the stay because "the alleged suppression of evidence under *Brady*[], prevented the petitioner from learning of potentially impeaching evidence." ECF 42 at 6. Medrano alleges evidence, that falls into two general categories: Evidence relating to Alvarez's qualifications and evidence relating to the substance of Alvarez's testimony.

---

[4] Medrano's state habeas application was filed on December 2, 2013. *See* ECF 19 at 8. The *Brady, Chabot, and Chavez* cases were rendered in 1963, 2009, and 2012 respectively.

6

There was no suppression of either type.

In order to prove suppression, Medrano must prove that the State had this purported evidence, and that it was undiscoverable through reasonable investigation. As the impeachment evidence relating to qualifications was available through reasonable investigation, as demonstrated by the fact that Medrano has it now, there was no suppression. It was all found with no assistance from the district attorney's office. If evidence is ascertainable through other available sources, through reasonable investigation, it is not *Brady* evidence. Simply because it took federal counsel investigation and research to locate this evidence and expert opinion, that does not equal suppression by the state. The state has no obligation to search out evidence for a defendant. *Kutzner v. Cockrell*, 303 F.3d 333 (5th Cir. 2002) (holding that *Brady* does not obligate the State to supply the defense with exculpatory evidence that is fully available to the defendant through the exercise of reasonable diligence). With regard to any evidence that developed after trial, there is no way the State could have suppressed evidence that *did not exist*. *See Brogdon v. Blackburn*, 790 F.2d 1164, 1168 (5th Cir. 1986) ("The prosecution has no duty to turn over to the defense evidence that does not exist.") Being unable to demonstrate any semblance of suppression, any materiality argument is irrelevant.

Medrano also alleges that Alvarez's expert opinion on a number of

points was inaccurate. The evidence Medrano presents, and correspondingly the evidence the State allegedly suppressed under the *Brady* analysis, is the expert opinion of the alternate witnesses Medrano has brought forward in his federal habeas petition. Therefore, in order to satisfy the suppression prong, Medrano must demonstrate that the State had, or was aware of, these expert opinions at the time of trial, did not disclose them, and they were undiscoverable by reasonable investigation.[5] This, Medrano has not even attempted to do.

The report, further found that "good cause for a *Rhines* stay has been found based on ineffective assistance of state post-conviction counsel." ECF 42 at 6. Additionally, citing a case from the Ninth Circuit, in a footnote, while noting it unnecessary to decide in this case, stated that, "Petitioner's allegation that his state habeas counsel rendered ineffective assistance regarding claim III might also support a finding of good cause." ECF 42 at 7. However, ineffective of state habeas claims (IASH) can only excuse failure to exhaust ineffective assistance of counsel (IATC) claims.[6] Fifth Circuit law is

---

[5] The possible existence of conflicting expert opinion is not *Brady* evidence. Medrano's cite to the *Miller* case is unavailing as that case is not controlling law and, as Medrano rightly acknowledges, was related to scientific evidence, which is not the type at issue here. *Miller v. Dir., Tex Dep's of Crim Justice-Corr. Insts. Div.*, No. 6:-cv-535 (E.D. Texas 2018).

[6] The citations to *Ruiz v. Quarterman,* 504 F.3d 523 (5th Cir. 2007) and *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), do not provide an exception to this. Rather,

clear: any alleged ineffectiveness of state habeas counsel cannot be used to demonstrate good case with regard to *Brady* claims. *See Murphy v. Davis,* 732 Fed. App'x 249, 257 (5th Cir. 2018) ("No court appears to have extended *Martinez* and *Trevino* to excuse procedural default of a *Brady* or *Napue* claim. We are also bound by our past pronouncements that *Martinez* and *Trevino* apply 'only' to ineffective assistance of trial counsel claims.").

Being procedurally defaulted, the claim is plainly meritless under *Rhines* as well. Furthermore, the substance of the claim is also meritless.[7]

## CONCLUSION

Thus, the Director respectfully requests this Court deny Medrano a stay to return to state court and attempt to exhaust a claim which that is plainly procedurally defaulted.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

MARK PENLEY
Deputy Attorney General
for Criminal Justice

---

they are examples of IASH providing cause for failing to exhaust IATC claims. *See* ECF 35 at 2, ECF 42 at 6.

[7] The Director stands on her briefing herein and contained in the Motion for Summary Judgment and Answer with Brief in Support. ECF 30.

|  |  |
|---|---|
|  | EDWARD L. MARSHALL<br>Chief, Criminal Appeals Division |
|  | */s/ Rachel L. Patton*<br>RACHEL L. PATTON* |
| *Attorney in Charge | Assistant Attorney General<br>State Bar No. 24039030<br>Southern ID No. 3120286 |
|  | P. O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>(512) 936-1400<br>(512) 936-1280 (fax) |

ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF SERVICE**

I do hereby certify that on January 29, 2020, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Counsel for Medrano

Sheri Lynn Johnson
New York Bar No. 1685429
Cornell University
245 Hughes Hall
Ithaca, New York 14853-4901
Tel. (607) 255-6478
E-mail: slj8@cornell.edu

Stephen Byrne

Texas Bar No. 54050365
American Bank Plaza
711 N. Carancahua Street, Suite 512
Corpus Christi, Texas 78401
Tel. (361) 877-2099
E-mail: byrne.attorney@gmail.com

>*/s/ Rachel L. Patton*
> RACHEL L. PATTON
> Assistant Attorney General